UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVE NATION WORLDWIDE, INC.,

                Plaintiff,

CASE NO. 2:10-CV-11395
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

HILLSIDE PRODUCTIONS, INC.,

                Defendant,

and

COUNTY OF MACOMB,

                Intervening Plaintiff,

v.

HILLSIDE PRODUCTIONS, INC. and
LIVE NATION WORLDWIDE, INC.,

                Defendants,
_____/

## ORDER DEEMING MOOT LIVE NATION'S JANUARY 17, 2012 MOTION TO COMPEL AND FOR COSTS DIRECTED TO HILLSIDE (Doc. Ent. 71)

**A.**    **Background**

On April 8, 2010, Live Nation Worldwide, Inc. filed this lawsuit against Hillside Productions, Inc. The causes of action include (I) breach of contract; (II) conversion; (III) fraud; and (IV) unjust enrichment. Doc. Ent. 1.

More than one year later, on April 12, 2011, intervening plaintiff County of Macomb filed its own complaint against Live Nation Worldwide, Inc. and Hillside Productions, Inc. Doc.

Ent. 25. On May 24, 2011, County of Macomb filed a first amended complaint against Live Nation and Hillside. Doc. Ent. 35.

On December 16, 2011, County of Macomb filed a second amended complaint against Live Nation and Hillside, alleging (I) declaratory relief; (II) injunctive relief; (III) breach of contract (sublease); (IV) breach of contract (food and beverage service); and (V) unjust enrichment. Doc. Ent. 67.

**B.     Rulings on Dispositive Matters**

**1.**     On May 28, 2010, Hillside filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or alternatively, for partial summary judgment under Fed. R. Civ. P. 56. Doc. Ent. 5. On March 30, 2011, Judge Hood entered a memorandum opinion and order (Doc. Ent. 23) granting defendant Hillside's motion (Doc. Ent. 5); dismissing Counts II (Conversion), III (Fraud) and IV (Unjust Enrichment); granting County of Macomb's motion to intervene (Doc. Ent. 7); denying Live Nation's motion to amend its complaint (Doc. Ent. 13); and denying County of Macomb's motion objecting to joint Rule 26(f) discovery plan (Doc. Ent. 19).[1]

**2.**     On April 4, 2011, Live Nation filed a motion for summary judgment. Doc. Ent. 24. On February 29, 2012, Judge Hood entered an opinion and order (Doc. Ent. 77) granting Live Nation's motion for summary judgment (Doc. Ent. 24). In so doing, she stated:

> The Court finds there is no issue of material fact and finds Defendant [Hillside] is in breach of contract as to Count I of the Complaint. Plaintiff [Live Nation] is entitled to judgment in the amount of $321,959.22. A judgment will be entered when all issues in this action are resolved.

Doc. Ent. 77 at 11.

---

[1] Judge Hood's order also scheduled a settlement conference for May 9, 2011. Doc. Ent. 23.

**C.    Counsel for Hillside**

At the time of its May 7, 2010 answer, Hillside was represented by attorney Cindy Rhodes Victor of The Victor Firm, PLLC, in Sterling Heights, MI.  Doc. Ent. 3.  On July 25, 2011, attorney Duane M. Beeman of Roncelli, Inc. in Sterling Heights, Michigan, filed an appearance on behalf of Hillside.  Doc. Ent. 46.

On January 13, 2012, a notice of substitution of counsel for Hillside was filed. Specifically, Hillside gave notice "that Raechel M. Badalamenti, Kirk, Huth, Lange & Badalamenti, PLC, is being substituted as counsel in place of Cindy Rhodes Victor, The Victor Law Firm, PLLC."  Doc. Ent. 70.

Then, on March 19, 2012, a notice of substitution of counsel for Hillside was filed whereby "Cindy Rhodes Victor of The Victor Firm, PLLC, [was] substituted as counsel in place of Raechel M. Badalamenti of the office of Kirk, Huth, Lange & Badalamenti, PLC, and for Duane M. Beeman, Roncelli, Inc."  Doc. Ent. 80.

Therefore, it appears that Hillside's current counsel is attorney Cindy Rhodes Victor of The Victor Firm, PLLC.

**D.    Matter Pending Before Judge Hood**

On February 6, 2012, attorney Badalamenti filed a motion to withdraw as counsel for Hillside and for extension of discovery and scheduling order dates.  Doc. Ent. 73.[2]  Among other things, this motion seeks an order "[p]ermitting Raechel M. Badalamenti, Esq. and Kirk, Huth, Lange & Badalamenti, P.L.C. to withdraw as counsel for Hillside Productions, Inc. in this

---

[2] Judge Hood's initial scheduling order provided for discovery and dispositive motion deadlines of November 23, 2011 and December 12, 2011, respectively.  Doc. Ent. 33.

cause[.]"  Doc. Ent. 73 at 3.  Furthermore, the motion sought extension of scheduling dates. Doc. Ent. 73 at 3-4.[3]  On February 15, 2012, Live Nation filed a response.  Doc. Ent. 75.

On March 23, 2012, Judge Hood entered a stipulated order extending scheduling order dates.  Doc. Ent. 82.  Therein, the discovery deadline was set at February 23, 2012 and the deadline for motions, other than motions in limine, was set at March 12, 2011.

Judge Hood is scheduled to hear oral argument on the motion for withdrawal of attorney (Doc. Ent. 73) on April 11, 2012 (Doc. Ent. 74).[4]

**E.     Discussion of the Instant Motion**

**1.**     Currently before the Court is Live Nation's January 17, 2012 motion to compel and for costs directed to Hillside (Doc. Ent. 71).  This motion concerns Live Nation's October 13, 2011 first request to Hillside for discovery (Doc. Ent. 71-2), which included interrogatories (Nos. 40-

---

[3]For example, the motion seeks a "[stay of] all discovery due dates for Hillside, including review dates for recent orders compelling discovery, for a period of sixty (60) days after new counsel files an appearance so that requests can be timely responded to in lieu of immediate demands and motions to compel[.]"  Doc. Ent. 73 at 4 ¶ 2.

[4]Also before Judge Hood is County of Macomb's February 20, 2012 motion for entry of default judgment.  Doc. Ent. 78.  On March 19, 2012, Hillside filed a combined response and motion for settlement conference.  Doc. Ent. 81.  On March 27, 2012, Live Nation filed a response (Doc. Ent. 83) to the motion for settlement conference.

Judge Hood is scheduled to hear oral argument on County of Macomb's motion for entry of default on April 11, 2012.  Doc. Ent. 79.

42), document requests (Nos. 1-39), and requests for admission (Nos. 43-50).[5] The motion also sought reasonable costs and attorney fees associated with the motion. Doc. Ent. 71 at 6.

Judge Hood has referred this motion to me for hearing and determination. Doc. Ent. 72.[6]

**2.** "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Therefore, in the absence of an order stating otherwise, any response to Live Nation's January 17, 2012 discovery motion was due on or about February 3, 2012. Fed. R. Civ. P. 6(d).

To date, no order of extension has been entered and Hillside has not filed a response to the instant motion. Therefore, this motion could be granted as unopposed.

---

[5]On November 14, 2011, Hillside served responses to Live Nation's requests for admissions, Nos. 43-50. Doc. Ent. 71-3; *see also* Doc. Ent. 83-3. The cover letter is hand-signed by Steven R. McCollum of The Victor Firm, PLLC. Doc. Ent. 71-3 at 2. The responses themselves are /s/ signed by Cindy Rhodes Victor of The Victor Firm, PLLC. Doc. Ent. 71-3 at 7. The certificate of service is /s/ signed by McCollum. Doc. Ent. 71-3 at 8.

By way of a November 23, 2011 electronic mail from Live Nation's counsel to counsel for Hillside, Live Nation stated that Hillside's responses to the requests for admission were unsigned and requested correction pursuant to Fed. R. Civ. P. 26(g). Doc. Ent. 71-4 at 3.

Rule 26(g) governs "Signing Disclosures and Discovery Requests, Responses, and Objections." In part, Rule 26(g) provides that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1) ("Signature Required; Effect of Signature."). This subsection further provides that "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2) ("Failure to sign.").

[6]A hearing on this motion was originally noticed for March 21, 2012. Doc. Ent. 76. However, it was immediately cancelled.

3.	However, in light of Judge Hood's February 29, 2012 opinion and order (Doc. Ent. 77) granting Live Nation's motion for summary judgment (Doc. Ent. 24), finding there is no issue of material fact and finding Defendant is in breach of contract as to Count I of the Complaint - the only count remaining from Live Nation's April 8, 2010 complaint (Doc. Ent. 1) following Judge Hood's March 30, 2011 order dismissing certain counts (Doc. Ent. 23) - and concluding that Plaintiff is entitled to judgment in the amount of $321,959.22, the issue of Hillside's responses to Live Nation's October 13, 2011 discovery requests (Doc. Ent. 71-1) is moot.

**F.	Order**

Upon consideration, plaintiff Live Nation Worldwide, Inc.'s motion to compel and for costs directed to Hillside (Doc. Ent. 71) is DEEMED MOOT.

**IT IS SO ORDERED**.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 29, 2012	s/Paul J. Komives
	PAUL J. KOMIVES
	UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 29, 2012 electronically or by U.S. mail.

	s/Michael Williams
	Relief Case Manager for the Honorable
	Paul J. Komives